IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:10-cv-00398

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DILLARD'S, INC., | ) ) |
| Defendant. | ) ) ) |

**CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 7(b) of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217 (the "FLSA"). The Commission's Complaint alleged that Defendant Dillard's, Inc. (the "Defendant") discharged Virginia Keene, then age 61, because of her age. Defendant denies the allegations and does not admit to any liability. Likewise, the Commission does not disavow the allegations contained in its Complaint. The Commission's entry into this Consent Decree does not in any way imply or suggest that Defendant was in compliance with the law with respect to its dealings with Virginia Keene as alleged in this action.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that:

1. The Court has jurisdiction over the parties and the subject matter of this action;

2. The purpose and provisions of the ADEA will be promoted and effectuated by the entry of the Consent Decree; and

3. This Decree resolves all matters in controversy between the parties specifically including the claims arising from EEOC Charge Number 433-2009-00904 filed by Virginia Keene.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall pay Virginia Keene the gross sum of Fifty Thousand Dollars and no cents ($50,000.00), less appropriate federal and state withholdings for taxes, in settlement of the claims raised in this action. This amount shall constitute payment for lost wages only, and Defendant shall issue Keene an IRS Form W-2 for this payment. Payment shall be made directly to Virginia Keene. Within five (5) days of the entry of this decree, the Commission will provide Defendant with the address to which payment shall be mailed. Defendant shall make payment within ten (10) days after the Commission provides Defendant with the payment address or within fifteen (15) days after the Court approves this Consent Decree, whichever is later. Within ten (10) days after payment has been mailed, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of the check's delivery.

2. <u>Scope</u>. The terms of this Decree shall apply only to the Dillard's store currently operated at Cary Towne Center Mall in Cary, North Carolina (hereinafter, "the Cary store").

3. <u>Prohibited Conduct</u>. Defendant shall not discharge any employee because of his or her age in violation of the ADEA. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under the ADEA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

4. <u>Removal of Records</u>. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Virginia Keene any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2009-00904 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. <u>Letter of Reference</u>. Defendant agrees to provide Virginia Keene with a positive letter of reference using the form attached hereto as Exhibit A.

6. <u>Non-Discrimination Policy</u>. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt and/or maintain a policy prohibiting discrimination on the basis of age. Defendant shall distribute to each current employee of the Cary store a copy of the policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees of the Cary store and review it with them at the time of hire.

7. <u>Posting of Policy</u>. During the term of this decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in the Cary store in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting

another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. <u>Annual Training</u>. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees at the Cary store.

   a. Each training program shall include an explanation of the requirements the ADEA, and its prohibition against age discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

   b. The first training program shall be completed within one hundred (100) days after the date that the decree is entered by the Court. Each subsequent training program shall be conducted at approximately one-year intervals.

   c. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. <u>Posting of Notice</u>. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its Cary store. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

10. <u>Record Keeping and Reporting</u>. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the

4

another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the EEOC that it has been posted.

8. <u>Annual Training</u>. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees at the Cary store.

   a. Each training program shall include an explanation of the requirements the ADEA, and its prohibition against age discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

   b. The first training program shall be completed within one hundred (100) days after the date that the decree is entered by the Court. Each subsequent training program shall be conducted at approximately one-year intervals.

   c. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. <u>Posting of Notice</u>. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its Cary store. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

10. <u>Record Keeping and Reporting</u>. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the

following information:

      A. the identities and ages of all individuals who, during the previous six (6) months, were discharged by Defendant, including by way of identification each person's name, address, telephone number, position, and social security number;

      B. a brief description of the reason for the individual's termination;

      C. the identities and ages of all individuals who, during the previous six (6) months, have made any complaints about age discrimination, including by way of identification each person's name, address, telephone number, position, and social security number;

      D. a brief description of the individual's complaint, the date of the complaint, and the identity of the person to whom the complaint was made; and

      E. a description of all actions taken by Defendant in response to the individual's complaint.

11. <u>Commission Review of Compliance</u>. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's Cary store, interview employees and examine and copy documents.

12. <u>Resolution of Disputes</u>. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

13. <u>Term of Decree</u>. The term of this Decree shall be for two (2) years from its entry by the Court.

14. <u>Reports and Notices</u>. All reports or other documents that Defendant is required to

provide to the Commission this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

15. <u>Attorneys' Fees and Costs</u>. Each party shall bear its own costs and attorney's fees.

16. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction of this cause during the term of this decree for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_May 18, 2011_  _____
Date                         Judge, U.S. District Court
                             Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **DILLARD'S, INC., Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov


/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
katherine.zimmerman@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorney for Plaintiff*

**DILLARD'S, INC., Defendant**

/s/ Gregory P. McGuire
Gregory P. McGuire (N.C. State Bar No. 14237)
Michael D. McKnight (N.C. State Bar No. 36932)
OGLETREE, DEAKINS, NASH
 SMOAK & STEWART, PC
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
greg.mcguire@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
Telephone: (919) 787-9700
Fax: (919) 783-9412
*Attorneys for Defendant*

7

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Virginia Keene.

Virginia Keene was employed by Dillard's, Inc., from [start date] to [last date of employment]. During her tenure with us, _____ held the position of [position]. Her ending salary was $_____ per hour.

Virginia Keene was an honest and reliable employee who possesses excellent skills. Indeed, we valued Ms. Keene's services to the company.

We hope that this information about Virginia Keene is helpful to you in considering her for employment.

Sincerely,



[Typed name of company representative]
[Position], Dillard's, Inc.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | Civil Action No. 5:10-cv-00398 | |
| v. ) | | |
| ) | **NOTICE** | |
| DILLARD'S, INC., ) | | |
| ) | | |
| Defendant. ) | | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Dillard's, Inc., in a case of discrimination based on age. Specifically, the EEOC alleged that Dillard's, Inc. discharged Virginia Keene, then age 61, because of her age in violation of the Age Discrimination in Employment Act (the "ADEA"). As part of the settlement, Dillard's, Inc. agreed to pay monetary damages to Ms. Keene and to take other action set out in the Consent Decree resolving this matter. By entering into this settlement, Dillard's, Inc. does not admit to any liability.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADEA specifically prohibits discrimination based on age.

3. Dillard's, Inc. will comply with such federal law in all respects. Furthermore, Dillard's, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: ___, 2013.